**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Crim. No. 09cr10315-NG |
| | ) | |
| **RONNELY SANTANA,** | ) | |
|     **Defendant.** | ) | |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER**
June 10, 2010

    Defendant Ronnely Santana ("Santana") is charged with possession of, and conspiracy to possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § § 846 and 841(a)(1). After two hearings, the Magistrate Judge ordered the defendant detained on January 27, 2010. Santana moved to revoke the order of detention. For the reasons set forth below, I find that no conditions would reasonably assure the defendant's appearance, and accordingly, his Motion to Revoke the Detention Order (document #51) is **DENIED**.

    The Court reviews the detention order <u>de novo</u>. <u>United States v. Tortora</u>, 922 F.2d 880, 884 n.4 (1st Cir. 1990). 18 U.S.C. § 3142(e) provides that if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the defendant shall be detained pending trial. Since the government focuses on the defendant's risk of flight, the Court will limit its review to this basis for detention. In determining whether any conditions of release will reasonably assure the defendant's appearance, the Court must consider the factors set out in 18 U.S.C. § 3142(g), including the nature of the offense charged, the weight of evidence against the defendant, the defendant's characteristics and family ties, and his criminal history.

The charges with which Santana has been charged carry a mandatory minimum of ten years. As such, he faces a rebuttable statutory presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(2). See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989). In accordance with his burden of production, see United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985) (abrogated on other grounds), Santana offered evidence to rebut this presumption. The statutory presumption, however, retains evidentiary weight and must be considered with other relevant factors. See United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987).

The government alleges, based on wiretaps, physical surveillance, and videotapes, that Santana is involved in a large-scale, multi-million dollar cocaine trafficking organization with members of his family, including his brother and co-defendant, Osiris Santana ("Osiris"). On the day of Santana and his co-defendants' arrest, the Drug Enforcement Administration ("DEA") agents seized 54 kilograms of cocaine, worth more than $1 million wholesale according to the government, from Osiris Santana. While Ronnely Santana was not present at the stash house, there is substantial evidence linking him to his brother. Further, he was in possession of a loaded handgun when he was arrested. The evidence also suggests that Santana had access to large amounts of cash and that the drug organization had access to false identification documents. Allegedly, Osiris helped his cousin and co-defendant Manuel Alejandro Paniagua Reynoso acquire a false passport, which he used to come to the United States.

Santana, thus, is in many ways the paradigmatic defendant at whom § 3142(e)'s presumption is directed. See Palmer-Contreras, 835 F.2d at 17 (Section 3142(e)'s presumption "reflects Congress's findings that drug traffickers often have the resources and foreign contacts

to escape to other countries. Forfeiture of even a large bond may be just a cost of doing business, and hence drug traffickers pose special flight risks.").

Santana offers the following to rebut the presumption of detention. He is young, 21, and has no criminal history except for a motor vehicle infraction. While he was born in the Dominican Republic, he has been living in the United States since 2000 and is a permanent legal resident. He has family ties in Massachusetts, including his girlfriend who is pregnant with their first child, his father, and his six siblings. Even the severity of the potential punishment may be moderated if Santana qualified for the safety valve, 18 U.S.C. § 3553(f) and thus, a sentence below the mandatory minimum.

At the same time, Santana's mother and extended family live in the Dominican Republic, and he has traveled there three times since moving to the United States. Further, as described above, several of his relatives are allegedly involved in the drug trafficking organization.

Santana's proposed conditions of release include an electronic bracelet confining him to his sister's home, a $25,000 bond secured by $5,000 cash, and surrender of his Dominican passport. While I am moved that Pretrial Services supported this recommendation, I note that they noted their serious concerns that Santana was still a flight risk. Sonali Santana-Soto, defendant's sister and proposed third-party custodian, is only 23 years old, just two years older than Santana, raising concerns about her influence over her brother. She works full time, meaning Santana would be left home alone for most of the day.

In short, Santana faces a substantial sentence and the possibility of deportation. The evidence suggests that he was involved in the trafficking of very large amounts of cocaine, has ready access to cash, and  ties to the Dominican Republic. Given all the circumstances, the pre-

trial release conditions proposed by the defendant are insufficient to ensure his appearance. The government has proven by a preponderance of the evidence that there is a serious risk Santana will fail to appear. Therefore, Defendant's Motion for Revocation or Amendment of Detention Order (document #51) is **DENIED**.

One further note: This decision is obviously without prejudice to the defendant's proposing additional conditions or information that would meet the statutory standard.

**SO ORDERED.**

**Date: June 10, 2010**      */s/ Nancy Gertner*
                             **NANCY GERTNER, U.S.D.C.**